IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT J. PROKOP, | ) | 4:08CV3063 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA ACCOUNTABILITY | ) | |
| AND DISCLOSURE | ) | |
| COMMISSION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

  This matter is before the court on a Motion to Dismiss (filing no. 38) filed by Defendant James McClurg ("McClurg"), and a Motion to Dismiss (filing no. 40) filed by Defendants Nebraska Accountability and Disclosure Commission ("NADC"), Nebraska Attorney General Jon Bruning and fifteen individual NADC employees (together, the "NADC Defendants"). Plaintiff filed a Brief in Opposition to Motion to Dismiss (filing no. 44) and a Motion in Opposition to the NADC Defendants' Motion to Dismiss (filing no. 45). As set forth below, Defendants' Motions are granted and Plaintiff's Motion is denied.

### *I. BACKGROUND AND SUMMARY OF AMENDED COMPLAINT*

  Plaintiff filed his first Complaint in this matter on March 28, 2008. (Filing No. 1.) Thereafter, the NADC Defendants and McClurg filed Motions to Dismiss and Briefs in Support. (Filing Nos. 22, 23, 24, and 25.) On June 4, 2008, Plaintiff filed two Motions for an Enlargement of Time to respond to Defendants' Motions to Dismiss. (Filing Nos. 26 and 27.) The court granted Plaintiff's Motion and permitted Plaintiff until July 2, 2008, to respond to Defendants' Motions to Dismiss. (Filing No. 28.) On July 2, 2008, Plaintiff responded by filing an Amended Complaint reasserting his claims against Defendants. (Filing No. 33.) Thereafter, the NADC

Defendants and McClurg filed Motions to Dismiss the Amended Complaint along with Briefs in Support. (Filing Nos. 38, 39, 40 and 41.)

For purposes of the Motions currently before the court, and in accordance with NECivR 15.1, the Amended Complaint supersedes Plaintiff's original Complaint "in all respects." As such, the court will only consider the claims alleged in Plaintiff's Amended Complaint (filing no. 33) and Defendants' Motions to Dismiss in response to the Amended Complaint (filing nos. 38 and 40). Defendants' prior Motions to Dismiss (filing nos. 22 and 24), filed in response to Plaintiff's original Complaint (filing no. 1), are therefore dismissed as moot.

Plaintiff's Amended Complaint generally alleges that he was an unsuccessful candidate in the 2006 Nebraska Board of Regents election. Plaintiff alleges that during this election Defendants violated his due process rights, breached a contract and violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Filing No. 33 at CM/ECF pp. 9-18.) Plaintiff seeks injunctive relief in the form of a court order that prevents Defendants from imposing future unspecified sanctions against Plaintiff. (*Id*. at CM/ECF pp. 12, 14, and 17.) Plaintiff also seeks compensatory damages against Defendants in their personal capacities, the return of "all real property and rights to which Plaintiff was entitled," "reasonable costs and attorneys fees," and "such further relief as justified by the evidence and deemed appropriate by the Court." (*Id*. at CM/ECF pp. 12-14, and 17.)

## II. DEFENDANTS' MOTIONS TO DISMISS

A. Standard of Review

In order to withstand a motion to dismiss, a pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," otherwise, "their complaint must be dismissed" for failing to state a

claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

B.    Sufficiency of Allegations Against the NADC Commissioners

The NADC Defendants argue that Plaintiff's claims against the individual NADC Commissioners, Defendants Andre Barry, John Stephen McCollister, Kimberly Quandt, Marilee Fredrickson, Judy Schweikart, Paul Hosford, Gary Rosacker, Richard Nelson and John Gale, should be dismissed because the Plaintiff merely lists these individuals in the Amended Complaint's caption and does not allege that they were personally involved in any of the alleged misconduct. (Filing No. 41 at CM/ECF pp. 12-14.) The court agrees.

A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court

properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption)). Plaintiff's Amended Complaint does not mention any of the NADC Commissioners by name outside of the caption. Because Plaintiff fails to allege that any of the NADC Commissioners were personally involved in the alleged misconduct, Plaintiff claims against Defendants Barry, McCollister, Quandt, Fredrickson, Schweikart, Hosford, Rosacker, Nelson, and Gale must be dismissed.

C.   Sovereign Immunity

The NADC Defendants also argue that Plaintiff's claims for compensatory damages against the NADC and its employees in their official capacities are barred by the Eleventh Amendment. (Filing No. 41 at CM/ECF pp. 7-11.) Again, the court agrees.

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-447 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon,* 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

In addition, a claim against an individual, in her official capacity, is in reality a claim against the entity which employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an

official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n. 5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

The NADC is clearly a state instrumentality. In addition, Defendants Frank Daley, Mark Hinman, Jim Stesjkal, David Hunter and William Howland are all employed by the NADC. As state employees, these Defendants are entitled to the same sovereign immunity as their employer. There is no indication that these NADC employees, the State of Nebraska, or the NADC itself have waived their sovereign immunity. Thus, Plaintiff's claims against Defendant NADC and Defendants Daley, Hinman, Stesjkal, Hunter, and Howland in their official capacities for monetary relief are dismissed. However, as set forth above, Plaintiff's claims against Daley, Hinman, Stesjkal, Hunter, and Howland in their official capacity for injunctive relief and their individual capacity for monetary and injunctive relief are not barred by the Eleventh Amendment.

D.     Due Process Claims

Both the NADC Defendants and McClurg argue that Plaintiff's Amended Complaint fails to set forth facts sufficient to state a due process claim upon which relief may be granted. (Filing No. 41 at CM/ECF pp. 15-21; Filing No. 39 at CM/ECF pp. 5-6.) "The Due Process Clause of the Fourteenth Amendment prohibits state governments from depriving any person of life, liberty, or property, without due process of law." *Singleton v. Cecil*, 176 F.3d 419, 424-25, 425 (8th Cir. 1999). Claims regarding the right to either procedural or substantive due process must begin

with identification of a protected liberty or property interest. *Id.* A protected liberty interest may arise from either the Due Process Clause of the United States Constitution itself, or from a state-created statutory entitlement. *Hewitt v. Helms,* 459 U.S. 460, 466 (1983), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 479-83 (1995).

Liberally construed, Plaintiff's due process "Cause of Action" alleges two separate procedural due process claims.[1] (Filing No. 33 at CM/ECF pp. 9-13.) First, Plaintiff alleges that Defendants violated his due process rights because they disregarded the campaign financing rules and caused an unfair election. (*Id*. at CM/ECF pp. 9-10). This allegation is not addressed by the Defendants in their briefs; nonetheless, it is without merit. As discussed above, Plaintiff must allege that he was deprived of a liberty or property interest to establish a due process claim. Here, Plaintiff's unfair election allegation primarily relates to an alleged NADC rule change that prevented Plaintiff from receiving public funds for his campaign.[2] (*Id*. at

---

[1] Plaintiff failed to specify whether he is alleging a violation of procedural or substantive due process. However, because Plaintiff's allegations focus on Defendants' failure to follow procedures, the court liberally construes Plaintiff's allegations as procedural due process claims.

[2] Plaintiff also alleges that NADC auditors incorrectly fined Plaintiff $3,200 for late fees. (Filing No. 33 at CM/ECF p. 8.) To the extent that Plaintiff is challenging the imposition of this fee as a violation of a property interest under the due process clause, a federal remedy is unavailable. Federal intervention into the state conduct of elections is considered an extraordinary measure. *Navedo v. Acevedo,* 752 F. Supp. 523, 528 (D.P.R. 1990), *aff'd*, 932 F.2d 94 (1st Cir. 1991) (citing *Bell v. Southwell*, 376 F.2d 659 (5th Cir. 1967)). As such, "[f]ederal courts have refused to supplant the state's handling of its election process where . . . state law provides corrective procedures." *Navedo,* 752 F.Supp. at 528 (citations omitted). Here, Nebraska law provides a corrective procedure for Plaintiff's claim that the NADC incorrectly fined him for late fees. *See* Neb. Rev. Stat. § 49-1463.01 (providing that a person required to pay a late filing fee . . . may apply to the commission for relief). Plaintiff has not alleged that he challenged the fine using this procedure. Under these circumstances,

CM/ECF p. 10.) Plaintiff, however, does not allege that he was entitled to any of these public funds, and only alleges that they were not triggered.[3] (*Id*. at CM/ECF p. 9.) Because Plaintiff fails to allege that he was entitled to the public funds, his first due process allegation fails to state a claim upon which relief can be granted. *See, e.g.*, *Ostrom v. O'Hare*, 160 F. Supp. 2d 486, 498-99 (E.D.N.Y. Sept. 14, 2001) (dismissing a candidate's due process claim that an election finance board's decision not to provide candidate with matching funds "handicapped" her campaign, where candidate failed to show that she was entitled to the funds).

Second, Plaintiff alleges that Defendants failed to provide him with procedural due process, as required by state statute, when they interpreted the rules and regulations within the "Candidate's Handbook." (Filing No. 33 at CM/ECF pp. 11-12.) Specifically, Plaintiff alleges that the Nebraska "open meeting statutes" entitle him to notice and a hearing when the NADC interprets these rules and regulations. (*Id*. at CM/ECF pp. 10-12.)

The Nebraska Open Meeting Act gives citizens the right to notice of a public body's meetings and the right to attend those meetings. Neb. Rev. Stat. § 84-1408 to 84-1414. However, Plaintiff does not bring his Complaint pursuant the Open Meeting Act, and instead alleges that the NADC's failure to follow the Act violated his procedural due process rights. (Filing No. 33 at CM/ECF p. 12.) In essence, Plaintiff argues that the state-created procedural rights under the Nebraska Open Meeting Act are protected as a due process interest. Liberally construed, Plaintiff has identified a state-created statutory entitlement, but he must also show that the

---

the court will not supplant the state's handling of Plaintiff's election filing fees.

[3]Although Plaintiff's allegations are vague, it appears that Plaintiff was granted public funds on the day before the 2006 election, but turned them down "because they lacked any value for political advertisement and personal affidavit limitations would have been exceeded." (Filing No. 33 at CM/ECF p. 6.)

Defendants deprived him of the entitlement in order to properly state a due process claim.

Here, Plaintiff alleges that Defendants made several rule changes, but Plaintiff does not identify any formal or informal NADC meetings where a rule change occurred. In fact, the only "meeting" that Plaintiff mentions relates to the NADC's investigation of his opponent, James McClurg. (Filing No. 33 at CM/ECF p. 11.) This investigation commenced when Plaintiff filed a complaint with the NADC alleging that McClurg violated the rules and regulations of the Nebraska Campaign Finance Limitations Act. (*Id*.) Plaintiff alleges that the NADC violated his rights because they did not ask "Plaintiff to appear at the meeting to discuss the complaint." (*Id*.)

NADC investigations are governed by the Nebraska Accountability and Disclosure Act, which provides that "[a]ll commission proceedings and records relating to preliminary investigations shall be confidential . . . unless the person alleged to be in violation of the Nebraska Political Accountability and Disclosure Act or the Campaign Finance Limitation Act requests that the proceeding be public." Neb. Rev. Stat. § 49-14,124.01. Because NADC investigations are confidential, Plaintiff was not entitled to appear at any NADC meeting to discuss the investigation. As such, Plaintiff has failed to allege sufficient facts to suggest that Defendants deprived him of any entitlement provided by the Nebraska Open Meeting Act.[4] *See, e.g.*, *Rauert v. School Dist. 1-R of Hall County*, 555 N.W.2d 763, 767-68 (Neb. 1996) (holding that trial court did not err in failing to find a violation of the Nebraska Public Meetings Law where plaintiff failed to provide specific meeting dates, or indicate

---

[4] Because Plaintiff fails to allege sufficient facts to suggest that Defendants deprived him of the procedural rights under the Nebraska Open Meeting Act, the court need not address whether these procedural rights are protected by the Fourteenth Amendment.

whether any discussion of business occurred at the alleged meetings). In light of all this, Plaintiff's due process claims must be dismissed.

E.   Civil RICO Claims

As with Plaintiff's due process claims, both the NADC Defendants and McClurg argue that Plaintiff's RICO allegations fail to state a claim upon which relief can be granted. (Filing No. 41 at CM/ECF pp. 21-24; Filing No. 39 at CM/ECF pp. 8-12.) Again, the court agrees with Defendants.

To prevail under RICO, Plaintiff is required to demonstrate, at a minimum, that Defendants participated in two predicate offenses of racketeering listed in 18 U.S.C. § 1961(1)(B). *United HealthCare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 571 (8th Cir. 1996). Here, Plaintiff alleges that the Defendants committed the predicate offenses of mail fraud and wire fraud. (Filing No. 33 at CM/ECF pp. 14-16.)

Mail and wire fraud are established through proof of: "(1) a scheme to defraud; (2) intent to defraud; (3) reasonable foreseeability that the mails (or wires) would be used; and (4) use of the mails (or wires) in furtherance of the scheme." *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1070 n.6 (8th Cir. 1995). Furthermore, Fed. R. Civ. P. 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." This particularity requirement applies to allegations of mail fraud, 18 U.S.C. § 1341, and wire fraud, 18 U.S.C. § 1343, when used as predicate acts for a RICO claim. *See Flowers v. Continental Grain Co.*, 775 F.2d 1051, 1053 (8th Cir. 1985); *see also* 5 Charles Allan Wright & Arthur R. Miller, Federal Practice and Procedure § 1251.1 (3d ed. 2004) ("Fraud claims brought under the RICO Act—such as wire fraud and mail fraud—are subject to the particularity and specificity requirements of Rule 9(b) . . . .").

Allegations of circumstances constituting fraud or mistake should "include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation . . . ." *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir.1982), *aff'd on reh'g*, 710 F.2d 1361 (8th Cir.) (en banc), *cert. denied*, 464 U.S. 1008 (1983); *see also Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir. 1993) (stating that in RICO cases "allegations of predicate mail and wire fraud acts should state the contents of the communications, who was involved, where and when they took place, and explain why they were fraudulent"). Here, Plaintiff alleges that Defendants carried out a "fraudulent scheme to rig an election" through mail and wire transmissions. (Filing No. 33 at CM/ECF p. 14.) Plaintiff also alleges that Defendants used "phones and letters" to discuss how to change "the rules and regulations" as his campaign progressed. (*Id.* at CM/ECF p. 17.) However, Plaintiff does not allege the time, place, or contents of any of the alleged acts of fraud. In fact, Plaintiff's allegations merely conclude that Defendants used "phones and letters" to rig the election. In short, these allegations are not sufficient to meet Fed. R. Civ. P. 9(b) pleading requirements.

The requirement that a plaintiff establish that a defendant participated in predicate acts of racketeering is only one of four required elements of a RICO claim. *United HealthCare Corp.*, 88 F.3d at 570 (stating that to demonstrate a RICO violation, a plaintiff must establish "(1) the existence of an enterprise; (2) defendant's association with the enterprise; (3) defendant's participation in predicate acts of racketeering; and (4) [that] defendant's actions constitute[d] a pattern of racketeering activity"). While Plaintiff may be able to establish some of these elements, his allegations are insufficient to establish that Defendants participated in predicate acts of racketeering because, as set forth above, he failed to plead mail and wire fraud in accordance with Fed. R. Civ. P. 9(b). As such, Plaintiff's RICO claim fails to state a claim upon which relief may be granted and must be dismissed.

F.    State Law Claims

Because the court dismissed all of Plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3). Consequently, Plaintiff's Amended Complaint is dismissed for failure to state a claim upon which relief can be granted. However, the court will dismiss Plaintiff's Amended Complaint without prejudice to reassertion in state court.

IT IS THEREFORE ORDERED that:

1.    Defendant McClurg's first Motion to Dismiss (filing no. 24) and the NADC Defendant's first Motion to Dismiss (filing no. 22) are denied as moot.

2.    Defendant McClurg's Motion to Dismiss Plaintiff's Amended Complaint (filing no. 38) and the NADC Defendant's Motion to Dismiss Plaintiff's Amended Complaint (filing no. 40) are granted.

3.    Plaintiff's Motion in Opposition (filing no. 45) is denied.

4.    A separate judgment will be entered in accordance with this Memorandum and Order.

February 2, 2009.                BY THE COURT:

                                 s/ Joseph F. Bataillon
                                 Chief United States District Judge